**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| In re KEITH ANTONIO GILLIAM and SHARON REANETTE GILLIAM, )<br>)<br>Debtor, )<br>)<br>_____ )<br>KEITH ANTONIO GILLIAM and )<br>SHARON REANETTE GILLIAM, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>HOUSEHOLD REALTY CORPORATION )<br>OF VIRGINIA and TONJA EWING, )<br>Trustee, and HERBERT L. BESKIN, )<br>Chapter 13 Trustee, )<br>)<br>Defendants. )<br>_____ ) | Case No. 05-63307-13<br><br>Adv. No. 05-06084 |

### MEMORANDUM AND ORDER

This matter came before the court on a motion for default judgment by the debtors in this case, Keith Antonio Gilliam and Sharon Reanette Gilliam ("the Plaintiffs"). The motion will be granted in part and denied (without prejudice) in part.

The Plaintiffs filed a chapter 13 petition. They then filed the above-styled complaint seeking a judgment declaring void the security interest of Household Realty Corporation of Virginia ("the Defendant") in the Plaintiffs' real property commonly known as 371 Jamestown Road, Farmville, Virginia ("the Real Property").

The fair market value of the Real Property is $67,5060.00. There is a first deed of trust secured by the Real Property in the amount of $61,659.71 in favor of Homeq, a second deed of trust

1

secured by the Real Property in the amount of $20,094.97 in favor of Greentree, and a third deed of trust secured by the Real Property in the amount of $15,593.49 in favor of the Defendant. The Defendant's deed of trust constitutes a third priority lien on the Real Property. The complaint seeks a judgment declaring that the Defendant's claim is unsecured and further declaring the Defendant's lien to be void.

The Defendant's claim shall, for purposes of the Plaintiffs' chapter 13 plan, be classified as a wholly unsecured claim. Furthermore, the Defendant's lien shall be treated as void during the pendency of this case.

It is, however, premature to issue a judgment declaring the Defendant's lien void. Any lien voided by a judgment in this case under 11 U.S.C. § 506(d) would be reinstated if Plaintiffs' bankruptcy case were to be dismissed. See 11 U.S.C. § 349(b)(1)(C). Consequently, it is better to defer final judgment in this matter until the Plaintiffs receive a discharge in this case.

When the Plaintiffs receive a discharge in the parent case, the Plaintiffs may file a renewed motion for default judgment in this adversary proceeding, at which time the court will consider issuing a judgment declaring that the lien interest of the Defendant in the Real Property to be void. The Plaintiffs may then file a copy of that judgment and the discharge order in this case with the Clerk of the Court for the Circuit Court in which the Real Property is located.

## **ORDER**

For the foregoing reasons, the prayer that the Defendant's claim be treated as an unsecured claim under the Plaintiffs' confirmed chapter 13 plan shall be and hereby is granted. The prayer that the Defendant's lien interest in the Plaintiffs' property commonly known as 371 Jamestown Road, Farmville, Virginia be declared void is denied, without prejudice to the filing of a renewed

motion for default judgment upon the receipt of a discharge in this case.

No judgment shall issue at this time. This adversary proceeding shall remain open until the earlier of the date on which bankruptcy case no. 05-63307 is closed or the date that is 30 days after the entry of a discharge order in bankruptcy case no. 05-63307. If the Plaintiffs file a renewed motion for default judgment within the 30-day period following the entry of a discharge order, then this adversary proceeding shall remain pending thereafter until the earlier of the date that the adversary proceeding is dismissed or the date that a final judgment is entered on docket in this adversary proceeding.

So ORDERED.

Upon entry of this memorandum and order, the Clerk shall forward to copy to R. Mitchell Garbee, Esq., counsel of the plaintiffs, and to each defendant in this case, including the chapter 13 trustee.

Entered on this 21ST day of February, 2006.

_____
William E. Anderson
United States Bankruptcy Judge